IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| JEWEL GRIFFIN, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | No. 5:23-CV-300-H-BQ |
| § | |
| MILTON LEE and PHYLLIS GANT, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**[1]

Pro se Plaintiff Jewel Griffin filed a Complaint in this Court, along with an Application to Proceed *in Forma Pauperis* (IFP). ECF Nos. 1, 2. The undersigned ordered Griffin to file an amended: (1) complaint that complies with Rule 8 of the Federal Rules of Civil Procedure; and (2) IFP application that provides sufficient detail for the Court to evaluate her financial condition. ECF No. 6. Griffin failed to comply, so the Court entered a second order, giving her another opportunity to provide the requisite information. ECF No. 9. Griffin has not filed anything in response. The undersigned therefore recommends that the United States District Judge deny Griffin's motions to proceed IFP (ECF Nos. 2, 8) and dismiss this action in accordance with Rule 41(b) of the Federal Rules of Civil Procedure. The undersigned further recommends that the district judge deny as moot Griffin's motions for appointment of counsel and a protective order. ECF Nos. 3, 7.

---

[1] Under *Special Order No. 3-251*, this case was automatically referred to the undersigned for further proceedings. ECF No. 4.

## I. Procedural History

On December 14, 2023, Griffin filed a Complaint together with an IFP application and a motion requesting appointed counsel. ECF Nos. 1, 2, 3. The Complaint names the following Defendants: (1) Milton Lee, President of the National Association for the Advancement of Colored People (NAACP); and (2) Phyllis Gant, presumably also employed by the NAACP. ECF No. 1, at 1, 3–4.[2] Griffin alleges that she contacted Lee to "ask for help, legal representation and [an] investigation into a civil rights issue [she] [is] having." *Id.* at 1; *see also id.* at 3–4 (showing emails Griffin apparently sent to Gant). Griffin contends that the civil-rights violations include being "slaved by African American men for over 10 years with a human trafficking [organization,] and they are using [her] children to do it." *Id.* at 1. She avers that Lee and Gant have discriminated against her and are engaging in racketeering by failing to help her.[3] *See id.*

The Court concluded Griffin's Complaint did not satisfy Rule 8(a)'s standards. ECF No. 6, at 1. The Complaint is devoid of dates and specific facts, as well as the specific statutes or laws under which Griffin is suing, and she has not identified the relief she seeks. *Id.* at 2. After reviewing her IFP application, the Court similarly concluded that it did not contain sufficient information. *Id.* For example, she states that she earns $500.00 per month from employment (ECF No. 2, at 1) but also represents that she is not currently working. *Id.* at 5. Moreover, Griffin lists that her spouse is working at Popeye's (and perhaps two other jobs) (*id.* at 2), but she

---

[2] Page citations to Griffin's pleadings refer to the electronic page number assigned by the Court's electronic filing system.

[3] Griffin has made similar allegations of racketeering and discrimination against different defendants in the past. *See, e.g., Griffin v. Furlow*, No. 5:23-cv-016-C, ECF No. 1 (N.D. Tex. Jan. 25, 2023) (contending Seminole Police Department Chief of Police Cory Furlow was guilty of racketeering by "block[ing] sexual assault exams at hospital and refus[ing] to call in necessary enforcement" (cleaned up)); *Griffin v. Therwhanger*, No. 5:23-cv-017-H-BQ, ECF No. 7 (N.D. Tex. Feb. 27, 2023) (claiming Gaines County judge engaged in racketeering, "assisted organized crime," and discriminated); *Griffin v. Meacham*, No. 5:23-cv-018-H-BQ, ECF No. 1 (N.D. Tex. Jan. 25, 2023) (asserting former United States Attorney Chad Meachum was guilty of racketeering by "ignor[ing]" her reports of human trafficking).

contradictorily avers that she has "no spouse." *Id.* at 3. The Court therefore ordered her to file an amended complaint and an amended IFP application using the standard form, or to otherwise pay the filing fee. ECF No. 6, at 2–3. The order cautioned that Griffin's failure to comply could "result in a recommendation that this action be dismissed for failure to prosecute in accordance with Federal Rule of Civil Procedure 41(b)." *Id.* at 3 (emphasis omitted).

In response, Griffin filed a document asking to "discuss the [IFP application] because [she] can provide the payment for the courts" in monthly installments, but she did not otherwise provide the requisite financial information. ECF No. 8 (emphasis omitted); *see* ECF No. 9. Griffin also filed a Motion for Protective Order, which details the purported circumstances surrounding her plea for help to Lee and Gant:

> I am violently attack[ed] with a hate crime that has stemmed to a public corrupt[ion] situation. I have recorded threats of killing me, and my children. . . . I have been slandered with a hate crime so severe that the people are working together that is involved to cover having me raped, the ultimate goal was to remove my vagina and replace it with someone else['s] sex organs . . . . NAACP has been ignoring my plea for help year after year in a[n] effort to assist the crime.

ECF No. 7, at 1 (emphasis omitted).

Griffin's filings did not comply with the January 3 order. So, the Court entered a second order notifying Griffin of the deficiencies and requiring her compliance. ECF No. 9. The Court again warned Griffin that her failure to comply would result in a recommendation that her case be dismissed. *Id.* at 2. As of today's date, Griffin has failed to submit an amended complaint and an amended IFP application, nor has she paid the filing fee.

## II. Discussion

A court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to sua sponte dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997) (per curiam). This authority

"flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. at 630).

The Court "may authorize" a plaintiff to proceed "without prepayment of fees," i.e., *in forma pauperis*, in a civil action. 28 U.S.C. § 1915(a)(1). The decision to permit a plaintiff to proceed IFP "is based solely upon economic criteria." *Bell v. Children's Protective Servs.*, 506 F. App'x 327, 327 (5th Cir. 2013) (per curiam). This economic determination centers on "whether the movant can afford the costs [of filing] without undue hardship or deprivation of the necessities of life." *Id.* In evaluating an allegation of poverty, the Court may "conduct reasonable investigations" into a plaintiff's financial status. *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016); *see Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988) (providing that examination of plaintiffs' "financial condition" involves "a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory"). "[A] trial court has wide discretion in denying an application to proceed IFP under 28 U.S.C. § 1915." *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975), *superseded by statute*, 28 U.S.C. § 1915(b)(2), *as recognized in Thompson v. Drewry*, 138 F.3d 984, 985–86 (5th Cir. 1998).

The Court cannot properly evaluate Griffin's financial status because she has not supplied adequate information concerning monthly income and expenses. This case has been pending for more than four months, and despite the Court issuing two deficiency notices, Griffin has not provided the requisite information, nor has she paid the filing fee. It is a "privilege to proceed at the expense of the government[, i.e., the taxpayers,] and the district court has the power to ensure that this privilege is properly granted." *Lay v. Justices-Middle Dist. Ct.*, 811 F.2d 285, 286 (5th

Cir. 1987). The Court will not allow the case to proceed due to Griffin's failure to file a properly supported IFP motion or pay the filing fee. *See, e.g., Newton v. Crosby Cnty. 72nd Dist. Ct.*, No. 5:22-CV-039-H-BQ, 2022 WL 2068518, at *2 (N.D. Tex. May 12, 2022) ("Because [plaintiff] has not filed a properly supported IFP motion or paid the filing fee, this case cannot proceed."), *R. & R. adopted by* 2022 WL 2064979 (N.D. Tex. June 8, 2022); *Coleman v. Groom*, No. 3:19-CV-1155-N-BK, 2019 WL 5069065, at *3 (N.D. Tex. Sept. 18, 2019) (recommending denial of plaintiff's IFP application and dismissal of the case, where plaintiff "failed to comply with the Court's directive to provide additional financial information," despite being provided multiple opportunities), *R. & R. adopted by* 2019 WL 5068169 (N.D. Tex. Oct. 9, 2019); *Rush v. Miss. Dep't of Rehab. Disability Determination Servs.*, No. 3:19-cv-71-HSO-JCG, 2019 WL 3577704, at *5 (S.D. Miss. May 22, 2019) (finding that plaintiff's "refusal to respond forthrightly and completely to the Court's legitimate inquiry into the details of his financial situation deprives the [c]ourt of helpful information to make a proper determination and should foreclose [plaintiff] from proceeding *in forma pauperis*").

Griffin has also failed to file an amended complaint in accordance with Rule 8. Griffin's failure to do so violates the Court's January 3 and March 13 orders to file a complete amended complaint. ECF Nos. 6, 9. The Court can dismiss for this reason alone. *See, e.g., Minorchio v. Bank of Am.*, No. A-10-CA-406 LY, 2010 WL 11652405, at *1–2 (W.D. Tex. Aug. 27, 2010) (recommending dismissal of pro se complaint under Rule 41 where plaintiff "ignored a court order requiring him to file an [a]mended [c]omplaint remedying the deficiencies of his [o]riginal [c]omplaint" and therefore failed to "make a short and plain statement of his claim showing that he is entitled to relief"), *R. & R. adopted by* 2010 WL 11652404 (W.D. Tex. Sept. 24, 2010).

In sum, the district judge should deny Griffin's motions to proceed IFP (ECF Nos. 2, 8) and dismiss this action under FED. R. CIV. P. 41(b).

### III. Recommendation

Because Griffin has not complied with Court orders and has not demonstrated she is entitled to pauper status, the undersigned recommends that the United States District Judge deny Griffin's motions to proceed IFP and dismiss this action without prejudice under FED. R. CIV. P. 41(b). ECF Nos. 2, 8. The undersigned further recommends that the United States District Judge deny as moot Griffin's pending motions requesting court-appointed counsel and seeking a protective order. ECF Nos. 3, 7.

### IV. Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. See 28 U.S.C. § 636(b)(1) (2016); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: April 24, 2024.

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE